IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PETER CLARK,

        Plaintiff,

                                                  Civ. No. 12-1160 MV/KBM

   v.

THE UNITED STATES OF AMERICA,

        Defendant.

Consolidated for Briefing Purposes With

AILEEN O'CATHERINE, and
STEVEN SILVER, individually and as
Parents and next friends of NOAH SILVER,
a minor,

        Plaintiffs,

                                                  Civ. No. 12-1176 MV/KBM

   v.

THE UNITED STATES OF AMERICA,

        Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on Plaintiff's Motion for Clarification and Motion for Reconsideration of Order Granting Summary Judgment, For Relief from Judgment, or To Alter or Amend the Judgment ("Motion for Reconsideration") [Doc. 61 in Civ. No. 12-1160; Doc. 57 in Civ. No. 12-1176].   The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is not well-taken and will be denied.

**BACKGROUND**

On January 31, 2010, Plaintiff Peter Clark sustained serious injuries to his back and ankle while sledding with his son at the Capulin Snow Play Area.   Additionally, on December 27, 2009, Noah Silver, the 12 year-old child of Plaintiffs Aileen O'Catherine and Steven Silver, sustained spinal cord injuries resulting in partial paralysis, a need for multiple surgeries, and other serious life changing injuries while sledding at the Capulin Snow Play Area.   As a result of his injuries, on November 12, 2012, Plaintiff Clark filed, under the Federal Tort Claims Act ("FTCA"), a Complaint for Personal Injury alleging a negligence claim against the United States.   Similarly, as a result of Noah's injuries, on November 15, 2012, Plaintiffs O'Catherine and Silver filed, under the FTCA, a Complaint for Personal Injury and Loss of Consortium alleging both a negligence claim and a claim for loss of consortium against the United States.

In their Complaints, Plaintiffs allege that the Forest Service breached its duty to exercise ordinary care such that the Capulin Snow Play Area was reasonably safe for public use and its duty to warn the public of hidden dangers.   In support of those allegations, Plaintiffs specifically allege that the Capulin Snow Play Area was operated without supervision; the man-made pitch to the sled area allowed sleds to travel at an unsafe speed and contained insufficient "run out" to allow sleds to safely slow down and stop; and Forest Service employees knew that the public was violating the rules for use and occupancy of the area.

On July 31, 2013, the government filed the United States' Motion and Memorandum to Dismiss Plaintiffs' Complaints for Lack of Subject Matter Jurisdiction ("Motion to Dismiss") [Doc. 27 in Civ. No. 12-1160; Doc. 24 in Civ. No. 12-1176].   In the Motion to Dismiss, the government argued that Plaintiffs' claims fall within the "discretionary function" exception to the FTCA.   Plaintiffs opposed the Motion to Dismiss, arguing, *inter alia*, that, because the Forest

Service violated its mandatory duty under Section 2332.1 of the Forest Service Manual ("FSM") to conduct annual inspections of recreation sites, the discretionary function exception does not shield the Forest Service from liability.

The Court found unpersuasive Plaintiffs' arguments, including their argument regarding Section 2332.1.   In a Memorandum Opinion and Order entered on September 25, 2014, the Court held that the government was entitled to the protection of the discretionary function exception to the FTCA, and accordingly, granted the government's Motion to Dismiss.   Plaintiffs now ask the Court to reconsider its decision, arguing that the Court erroneously determined the fact issue of whether the Forest Service's failure to conduct annual inspections, as mandated in Section 2332.1, was a "but for" cause of the alleged injuries.   The government opposes Plaintiffs' motion.

## LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'"   *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007).   While "a district court always has the inherent power to reconsider its interlocutory rulings, a motion asking a court to reconsider a final decision upon which final judgment has been entered, as here, "generally arises in only one of two ways":   (1) under Rule 59 of the Federal Rules of Civil Procedure, as a motion for a new trial or to alter or amend the judgment; or (2) under Rule 60 of the Federal Rules of Civil Procedure, as a motion for relief from judgment.   *Id.*   Because Plaintiffs' motion was filed within 28 days after entry of a final judgment, the Court treats it as a Rule 59 motion.   Fed. R. Civ. P. 59(e).

A Rule 59 motion for reconsideration is an "inappropriate vehicle [] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."   *Servants of Paraclete v. Does*, 204

F.3d 1005, 1012 (10th Cir. 2000); *see also Fye v. Oklahoma*, 516 F.3d 1217, 1224 (10th Cir. 2011)

(finding district court did not abuse its discretion in denying motion for reconsideration on basis

that "considerations of fairness and judicial economy outweigh[ed] the Plaintiffs' interest in

getting a second (or third) bite at the summary judgment apple"); *Otero v. Nat'l Distrib. Co., Inc.*,

627 F. Supp. 2d 1232, 1237 (D.N.M. 2009) (motion for reconsideration "is not a vehicle for

relitigating old issues, presenting the case under new theories, securing a rehearing on the merits,

or otherwise taking a second bite at the apple").   Rather, "[g]rounds warranting a motion to

reconsider include (1) an intervening change in the controlling law, (2) new evidence previously

unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of

Paraclete*, 204 F.3d at 1012.   "Thus, a motion for reconsideration is appropriate where the court

has misapprehended the facts, a party's position, or the controlling law." *Id.*

## DISCUSSION

In requesting that the Court revisit its decision to dismiss their claims, Plaintiffs fail to

state, much less meet the standard on a motion for reconsideration.   Because Plaintiffs have not

identified either an intervening change in the controlling law or new evidence previously

unavailable, the Court assumes that they base their motion on the theory that reconsideration is

necessary to correct clear error or prevent manifest injustice.   Essentially, Plaintiffs argue that the

Court improperly decided, without leaving for a jury, the issue of whether the failure of the Forest

Service to perform its mandatory duties regarding annual inspections was too remote to serve as a

basis for liability.   This argument, which reflects a misunderstanding of the Court's decision, fails

to identify any clear error or manifest injustice that needs to be corrected or prevented.

As stated in the September 25, 2014 Memorandum Opinion and Order, the Court must

apply the two-pronged test set forth in *Berkovitz v. United States* to determine whether the

4

discretionary function applies to the challenged conduct.   486 U.S. 531, 526 (1988).   In applying

that test, the Court's "initial task" is to "ascertain the precise governmental conduct at issue."

*Domme v. United States*, 61 F.3d 787, 790 (10th Cir. 1995).   The Court explained that the "precise

governmental conduct at issue," as identified by Plaintiffs, is the Forest Service's failure to address

the following hazardous conditions:   the angle of the slope of the sledding hill; the limited run out;

the condition of the ice and snow; the lack of supervision (including allowing multiple users to be

on the hill at the same time); and the lack of adequate warning.

> According to Plaintiffs, the Forest Service was required to address these conditions under

Section 2332.1, which directs the Forest Service to "[i]nspect each public recreation site annually

before the beginning of the managed-use season," and "[m]aintain a public record of the

inspections and corrective actions taken with a copy of the operation and maintenance plan."   The

Court disagreed that, in the first instance, the annual inspection provisions of Section 2331.2

mandated that the Forest Service maintain its snow play areas in any specific manner.   As the

Court explained, Section 2331.2 does not specify the required angle, run out, or ice and snow

conditions of a sledding slope, or the level of supervision necessary at the hill.   Nor does Section

2331.2 require the Forest Service either to warn of the dangers of the sledding hill, or to classify

the hill as a "high priority hazard" requiring correction.   Accordingly, the Court determined that

the conduct alleged to be negligent and to have caused injury to Noah and Mr. Clark bears no

relation to the Forest Service's failure to conduct or maintain records of annual inspections.

Because of this lack of relation between Plaintiff's claims and Section 2331.2, the Court held that

any failure of the Forest Service to perform its mandatory duties regarding annual inspections was

simply irrelevant to this Court's determination of whether, under *Berkovitz*, the discretionary

function exception applies to this case.

The Court did not, as Plaintiffs now argue, make any finding that the failure of the Forest Service to perform its mandatory duties regarding annual inspections was too remote to establish causation under state tort law.   Indeed, the Court never reached the issue of causation for purposes of state tort law, as that topic is not relevant to whether the discretionary function exception applies.   In other words, the Court did not ask, much less answer the question of whether any alleged breach of the Forest Service's annual inspection duties might be "too remote" to form the basis of a tort liability claim.

Rather, the Court limited its determination to the threshold issue of whether it has subject matter jurisdiction over this action.   In making that determination, the Court limited its analysis to whether the discretionary function exception applies.   And in conducting that analysis, the Court limited its consideration of the Forest Service's mandatory annual inspection duties to the discrete question of whether Plaintiffs' claims were in any way based upon the alleged violation of those mandatory duties.   The Court answered that question in the negative.

Plaintiffs provided no evidence, either in response to the original Motion to Dismiss or in support of their current Motion for Reconsideration, demonstrating that the Forest Service's failure to conduct annual inspections in any way caused, failed to prevent, or contributed to the injuries alleged in their Complaint.   Accordingly, the Court's determination that the Forest Service's alleged failure to perform its mandatory annual inspection duties was wholly unrelated to the claims at issue in this case was neither clearly erroneous nor manifestly unjust.   It follows that the Court's consequent determination that any failure by the Forest Service to perform its annual inspection duties is irrelevant to whether the discretionary function exception applies was neither clearly erroneous nor manifestly just.   Plaintiffs thus have presented no valid basis for the Court to reconsider its decision to grant the government's Motion to Dismiss.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Clarification and Motion for Reconsideration of Order Granting Summary Judgment, For Relief from Judgment, or To Alter or Amend the Judgment ("Motion for Reconsideration") [Doc. 61 in Civ. No. 12-1160; Doc. 57 in Civ. No. 12-1176] is DENIED.

DATED this 29th day of June, 2015.

_____
MARTHA VAZQUEZ
United States District Judge

Attorneys for Plaintiffs
Susan H. Widner
Richard J. Valle

Attorney for Defendant
Assistant United States Attorney Ruth Fuess Keegan